# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEOTIS MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No.: 2:18-cv-00931-TMP** |
| **OCWEN LOAN SERVICING, LLC,** ) | |
| **NATIONWIDE CREDIT, INC.,** ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC, EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.,** ) | |
| **and TRANS UNION LLC,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Deotis Moore, by and through his undersigned counsel, brings the following First Amended Complaint against Defendants and states as follows:

### PRELIMINARY STATEMENT

Plaintiffs brings this action for actual, statutory and punitive damages, costs, and attorneys' fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants Ocwen Loan Servicing, LLC, Nationwide Credit, Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC (incorrectly named in the original complaint as "TransUnion Risk Advisory, Inc."). Plaintiff also brings a separate claim for defamation under Alabama state law against Defendants Ocwen Loan Servicing, LLC and Nationwide Credit, Inc.

## JURISDICTION AND VENUE

1. The Plaintiff invokes the jurisdiction of this Court pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 among diverse parties. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

2. Jurisdiction over Plaintiff's claims under Alabama law is based on the doctrine of supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

3. Subject matter jurisdiction exists pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 among diverse parties.

4. Venue is proper because Plaintiff lives in Fairfield, Alabama, which is in the Northern District of Alabama, and because Defendants do business in the Northern District of Alabama. The alleged conduct and actions were committed in the Northern District of Alabama.

## PARTIES

5. Plaintiff Deotis Moore is an adult male citizen over the age of nineteen years who resides in Fairfield, Alabama.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant Ocwen Loan Servicing, LLC (hereinafter "Ocwen") is a limited liability company formed in the state of Delaware with its principal place of business in Florida, and doing business in the state of Alabama.

8. As part of its business, Ocwen furnishes consumer credit information to credit reporting agencies such as Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC.

9. Defendant Nationwide Credit, Inc. (hereinafter "Nationwide Credit") is a corporation formed in the state of Georgia with its principal place of business in Georgia and doing business in the state of Alabama.

10. As part of its business, Nationwide Credit furnishes consumer credit information to credit reporting agencies such as Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC.

11. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a corporation formed in the state of Georgia with its principal place of business in Georgia, and doing business in the state of Alabama.

12. Equifax is a nationwide consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

13. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a corporation formed in the state of Ohio with its principal place of business in California, and doing business in the state of Alabama.

14. Experian is a nationwide consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

15. Defendant Trans Union LLC (hereinafter "Trans Union") is a corporation formed in the state of Delaware with its principal place of business in Illinois, and doing business in the state of Alabama.

16. Trans Union is a nationwide consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

17. Upon information and belief, Equifax, Experian, and Trans Union are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(f), to third parties for monetary compensation.

**STATEMENT OF FACTS**

18.     On October 16, 2005, Plaintiff filed a voluntary chapter 7 bankruptcy petition with the United States Bankruptcy Court Northern District of Alabama, Birmingham Division.

19.     Plaintiff listed all real property under "Schedule A" of Plaintiff's petition, including Plaintiff's rental property located at 1348 18th Street South West Birmingham, Alabama 35211 and listed as "Debtor's Rental Property 1, Lot 27 Block 1 West End Highlands," (hereinafter "rental property").

20.     The petition also listed Plaintiff's creditors holding secured claims, including AMC Mortgage Services for Plaintiff's real estate mortgage for the rental property at issue. Plaintiff did not reaffirm his debt with AMC Mortgage Services.

21.     On February 24, 2006, the Honorable Thomas B. Bennett ordered Plaintiff was entitled to a discharge of debts, including Plaintiff's mortgage loan with AMC Mortgage Services regarding Plaintiff's rental property. Accordingly, Plaintiff no longer owed a balance on the loan for the rental property at issue.

22.     AMC Mortgage Services was served notice of Plaintiff's discharge of debts, including Plaintiff's mortgage loan for his rental property, by first class mail on February 26, 2006.

23.     At some time after Plaintiff's 2006 discharge, Defendant Ocwen began servicing Plaintiff's mortgage loan account for the rental property at issue. Since that time, Ocwen has serviced the account by and through its authorized agent, Defendant Nationwide Credit, which handles collection and servicing responsibilities on Ocwen's behalf.

24.     Despite the 2006 discharge of the mortgage loan, Ocwen and Nationwide Credit believe Plaintiff owes a balance on the rental property at issue. Indeed, Ocwen/Nationwide Credit have sent Plaintiff multiple collection letters, including letters dated September 22, 2017, October 23,

2017, November 22, 2017, and December 22, 2017, attempting to collect a balance of $57,673.73 for Plaintiff's rental property.

25. Likewise, Defendants Experian, Trans Union and Equifax have continued to report that Plaintiff's mortgage loan debt on the rental property at issue has a balance due of approximately $53,000, despite the 2006 discharge of the mortgage loan.

26. Meanwhile, in or around August of 2017, Plaintiff attempted to refinance the loan on his current residence with Regions Bank.

27. On or about December 12, 2017, Regions Bank sent Plaintiff a letter entitled, "APPRAISALS, OTHER VALUATIONS AND/OR INSPECTIONS," regarding his attempt to refinance his current residence. This letter showed low credit scores reported by Defendants Equifax, Experian, and Trans Union on Plaintiff's respective credit reports.

28. On or about January 9, 2018, Regions Bank sent Plaintiff a statement of credit denial due to an "excessive obligation or relation to income" because of Defendants' reporting.

29. Plaintiff obtained his credit reports soon thereafter and discovered Defendants are reporting that Plaintiff's mortgage loan debt on the rental property at issue has a balance due of approximately $53,000.

30. On February 20, 2018, Plaintiff sent Defendants Equifax, Experian, and Trans Union an initial letter via certified mail disputing the inaccurate reporting of the balance due on the rental property at issue, along with supporting documentation, including Plaintiff's bankruptcy discharge.

31. On February 26, 2018, Defendants Equifax, Experian, and Trans Union received Plaintiff's initial dispute letter and request for a correct and updated copy of his credit report.

32. Plaintiff also sent an initial letter to Ocwen on March 14, 2018 to inform Ocwen that it was attempting to collect on a debt for property that had been discharged in bankruptcy and that no money is due on the account. Plaintiff provided Ocwen with all supporting documentation in this initial letter.

33. Defendant Ocwen received Plaintiff's initial letter on March 22, 2018.

34. As set out below, despite these initial dispute letters, Defendants Equifax, Experian, and Trans Union continued to inaccurately report a balance due on the mortgage for the rental property at issue. Plaintiff then sent a second letter to dispute the inaccurate reporting of the balance due on the rental property at issue, along with supporting documentation, to Defendants Equifax, Experian, and Trans Union on April 13, 2018, via certified mail.

35. Defendants Equifax, Experian, and Trans Union received Plaintiff's second dispute and request for a correct and updated copy of his credit report on or about April 17, 2018.

36. On May 15, 2018, Plaintiff also sent a second certified letter to Ocwen requesting it update its file and again stating that the debt concerning his rental property mortgage was discharged and never refinanced.

37. Defendant Ocwen received Plaintiff's second letter on May 18, 2018.

38. Meanwhile, Plaintiff had also applied for a loan from First National Bank of Omaha. However, on April 28, 2018, First National Bank of Omaha sent Plaintiff a letter of credit denial, which was based on Plaintiff's credit scores from Experian.

*Equifax's Initial Dispute Results*

39. On or about March 2, 2018, Defendant Equifax sent Plaintiff a letter in response to Plaintiff's initial dispute and request for a correct and updated copy of his credit report.

40. The letter states that "the results of the dispute you recently filed with Equifax are complete." The March 2, 2018 letter further states, "We have reviewed your concerns and our conclusions are: The additional disputed accounts are not currently reporting on the credit file."

41. Defendant Equifax did not include a correct and updated copy of Plaintiff's credit report as requested by Plaintiff.

### *Equifax's Second Dispute Results*

42. Plaintiff obtained a new copy of his Equifax credit report on April 10, 2018. The new report still showed that Plaintiff owed a balance of approximately $53,000 on the loan for the rental property at issue.

43. Thus, on April 13, 2018, Plaintiff sent a second certified letter to Equifax disputing the inaccurate reporting of the balance due on the rental property at issue, along with supporting documentation. Plaintiff even circled the inaccurate account on his credit report and provided a copy of it with the second dispute letter to further help Equifax identify the inaccurate information.

44. On or about April 27, 2018, Equifax sent Plaintiff a letter in response to Plaintiff's second dispute and request for a correct and updated copy of his credit report. The letter states that "the results of the dispute you recently filed with Equifax are complete." However, Equifax did not correct the inaccurate information, and its letter showed that, as of April 27, 2018, Plaintiff still owed a balance of $52,956 for the loan on the rental property at issue.

### *Trans Union's Initial Dispute Results*

45. On or about February 28, 2018, Defendant Trans Union sent Plaintiff a letter in response to Plaintiff's dispute and request for a correct and updated copy of his credit report.

46. The letter states that "the information you disputed does not currently appear on your Trans Union credit report."

47. Trans Union did not include a correct and updated copy of Plaintiff's credit report as requested by Plaintiff.

### *Trans Union's Second Dispute Results*

48. Plaintiff obtained a new copy of his Trans Union credit report on April 10, 2018. The new report still showed that Plaintiff owed a balance of approximately $53,000 on the loan for the rental property at issue.

49. Thus, on April 13, 2018, Plaintiff sent a second certified letter to Trans Union disputing the inaccurate reporting of the balance due on the rental property at issue, along with supporting documentation. Again, Plaintiff circled the inaccurate account on his credit report and provided a copy of it with the second dispute letter to help Trans Union identify the inaccurate information.

50. On or about May 1, 2018, Trans Union sent Plaintiff a letter in response to Plaintiff's second dispute and request for a correct and updated copy of his credit report. The letter states that the disputed information was "VERIFIED AS ACCURATE." The Trans Union report shows that, as of May 1, 2018, Plaintiff still owed a balance of $53,094 for the loan on the rental property at issue.

### *Experian's Initial Dispute Results*

51. On or about March 6, 2018, Defendant Experian sent Plaintiff a letter entitled "Dispute Results" in response to Plaintiff's dispute and request for a correct and updated copy of his credit report.

52. The letter states that "THE ACCOUNT NUMBER YOU PROVIDED IN YOUR DISPUTE DOES NOT MATCH ANY ITEM CURRENTLY BEING REPORTED ON YOUR CREDIT REPORT.  PLEASE REVIEW YOUR CURRENT CREDIT REPORT AND SPECIFY WHICH ITEM(S) YOU WISH TO DISPUTE."

53. Despite claiming that the account at issue did not appear on Plaintiff's credit report, Defendant Experian included an updated copy of Plaintiff's credit report without any changes made, including the inaccurate information showing a balance of $53,231 for the loan on the rental property at issue.

### *Experian's Second Dispute Results*

54. On April 12, 2018, Plaintiff sent Experian a second certified letter to dispute the inaccurate reporting of the balance due on the rental property at issue, along with supporting documentation.  Plaintiff circled the inaccurate account on his credit report and provided a copy of it with the second dispute letter in order to help Experian identify the inaccurate information.

55. Experian failed to respond to Plaintiff's second dispute letter and request for an updated copy of his credit report.

### *Ocwen's Initial Letter Results*

56. On or about March 14, 2018, Plaintiff sent an initial letter with his bankruptcy discharge order stating that the loan is a discharged debt and requesting that Ocwen update its files accordingly

57. As Ocwen's authorized agent responsible for servicing the loan account on Ocwen's behalf, Nationwide Credit was on notice of this letter.

58. Ocwen and Nationwide Credit failed to respond to Plaintiff's letter and request that Ocwen's file be updated.

### *Ocwen's Second Letter Results*

59. Due to continued inaccurate reporting, Plaintiff sent his bankruptcy discharge order again with a second letter, dated May 15, 2018, to Ocwen requesting that it update its file and reiterating he does not owe Ocwen any money relating to the account.

60. Again, as Ocwen's authorized agent responsible for servicing the loan account on Ocwen's behalf, Nationwide Credit was on notice of this letter.

61. Rather than correcting their account, Ocwen/Nationwide Credit sent Plaintiff two collection letters, both dated May 22, 2018, showing he owed a balance. One letter indicated that a balance of $57,673.73 was due on the account, and the other letter stated that $94,003.35 was now due on the account.

### *Defendants have violated the FCRA*

62. Despite Plaintiff's dispute and the evidence provided to Defendants Equifax, Experian, and Trans Union, the inaccurate information regarding the Ocwen/Nationwide Credit account for the rental property is still being reported by Equifax, Experian, and Trans Union on Plaintiff's credit reports.

63. At all relevant times, Defendants Equifax, Experian, Trans Union, Ocwen and Nationwide Credit failed to maintain and follow reasonable procedures to ensure maximum accuracy of Plaintiff's credit reports, concerning the discharged mortgage loan from Ocwen/Nationwide Credit.

64. Defendants have failed to maintain Plaintiff's account with accuracy and to properly investigate the account in response to disputes made by Plaintiff.

65. This inaccurate information negatively reflects on Plaintiff, his financial responsibility as a debtor, and his credit worthiness.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *et seq.* AS TO DEFENDANTS EQUIFAX, EXPERIAN, AND TRANS UNION

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendants Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to ensure maximum possible accuracy in preparing the credit report and credit files they publish and maintain concerning Plaintiff.

68. Defendants' intentional refusal to conduct a reinvestigation violated 15 U.S.C. § 1681i(a)(1)(A).

69. Defendants violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a reasonable and lawful reinvestigation, by failing to forward all relevant information to Ocwen/Nationwide Credit, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source they have reason to know is unreliable.

70. As a result of this wrongful conduct, action, and inaction, Defendants have caused Plaintiff to suffer damages including but not limited to loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, time and money spent disputing the inaccurate information, as well as mental and emotional pain and anguish, humiliation, damage to reputation, frustration, and embarrassment.

71. Defendants' conduct and/or refusal to perform a reinvestigation was willful, rendering liability for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Defendants Equifax, Experian, and Trans Union, jointly and severally, in actual, statutory, compensatory, and punitive damages, plus interests, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681 *et seq.* AS TO DEFENDANTS OCWEN AND NATIONWIDE CREDIT

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Defendants Ocwen and Nationwide Credit violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish the alleged account, by failing to fully and properly investigate Plaintiff's dispute of Ocwen's and Nationwide Credit's representation, by failing to review or consider all relevant information regarding the same, by failing to correctly report results of an accurate investigation to all credit reporting agencies, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Ocwen's and Nationwide Credit's representations made to the consumer reporting agencies.

74. After receiving notification about Plaintiff's disputed account, Ocwen and Nationwide Credit did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute.

75. As a result of this wrongful conduct, action, and inaction, Ocwen and Nationwide Credit have caused Plaintiff to suffer damages including but not limited to loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, time and money spent disputing the inaccurate information, as well as mental and emotional pain and anguish, humiliation, damage to reputation, frustration, and embarrassment.

76. Ocwen's and Nationwide Credit's conduct, action, and inaction were willful, rendering liability for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Ocwen and Nationwide Credit, jointly and severally, in actual, statutory, compensatory, and punitive damages, plus interests, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT THREE
## DEFAMATION AS TO DEFENDANTS OCWEN AND NATIONWIDE CREDIT

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Ocwen and Nationwide Credit intentionally and falsely represented through Defendants Equifax, Experian, and Trans Union to all of Plaintiff's potential and current lenders that Plaintiff was indebted to it under an account it knew, or should have known, was discharged by a court of competent jurisdiction.

79. Said false representations made by Ocwen and Nationwide Credit caused damage to Plaintiff's reputation and creditworthiness in the community.

80. Said false representations made by Ocwen and Nationwide Credit were not privileged, and Plaintiff did not consent to these false representations.

81. Ocwen's and Nationwide Credit's defamation of Plaintiff was willful and with malice. Ocwen and Nationwide Credit did not have a reasonable basis to believe that Plaintiff was responsible for the account reported to Defendants Equifax, Experian, and Trans Union. It also had substantial evidence to verify that Plaintiff's debt was discharged and no longer owed.

82. Ocwen and Nationwide Credit willfully determined to follow procedures which did not review, confirm, or verify whether their consumers' debts, such as Plaintiff's, were ordered discharged.

83. Despite having notice that Plaintiff was discharged of the prior debt owed, Ocwen and Nationwide Credit intentionally and willfully reported that Plaintiff was indebted to them when they knew or should have known that Plaintiff was not liable for the account claimed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims Ocwen and Nationwide Credit are liable, jointly and severally, for compensatory and punitive damages under Alabama law, and any such other and further relief under Alabama law or as this Court deems proper and/or necessary.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS.**

Dated this 9th day of July, 2018.

          Respectfully Submitted,

          /s/ J. Matthew Stephens
          J. Matthew Stephens (ASB-3788-E66S)
          Brooke B. Rebarchak (ASB-6522-S69V)
          *Attorneys for Plaintiff*

**OF COUNSEL:**

**METHVIN, TERRELL, YANCEY,
   STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (334) 939-0399
mstephens@mmlaw.net
brebarchak@mmlaw.net

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:**

**OCWEN LOAN SERVICING, LLC**
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

**NATIONWIDE CREDIT, INC.**
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, LLC**
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**TRANS UNION LLC**
c/o Sarah Sublett
Quilling, Selander, Lownds, Winslett & Moser, P.C.
6900 N. Dallas Parkway
Suite 800
Plano, Texas 75024
Telephone: (214) 871-2100
Fax: (214) 871-2111
ssublett@qslwm.com